UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN SOUTHERN | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV1850 SNLJ |
| | ) | |
| TAMIKA HAYSLETT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on defendant Abdias Christian Faith Fellowship Church's motion to dismiss, #35, filed January 11, 2010. Defendant seeks dismissal for lack of *in personam* jurisdiction. Responsive pleadings have been filed and this matter is ripe for disposition.

## I. Statement of the Case

Plaintiff American Southern Insurance Company (ASIC) filed a Complaint for Declaratory Judgment against its insured, defendant Washington Limousine Service, Inc., and 43 additional persons or entities, including Abdias Christian Faith Fellowship Church (Abdias). ASIC alleges that defendant Abdias, a church located in Belleville, Illinois, was the organizer and/or sponsor of a bus carrying Missouri passengers to Alabama for a weekend of bingo. The bus, owned and operated by Washington Limousine Service, was involved in an accident in Kentucky while returning from Alabama on April 5, 2009, and plaintiff's Complaint for Declaratory Judgment pertains to the legal repercussions stemming from that accident. Defendant Abdias challenges this Court's *in personam* jurisdiction over it, arguing that the church has no Missouri contacts, was not involved with the chartered bus trip, and that neither

Missouri's long-arm statute nor the Due Process Clause would permit the exercise of personal jurisdiction over it.

## II. Personal Jurisdiction

If personal jurisdiction is contested, plaintiff has the burden of proving facts supporting jurisdiction. *Dever v. Hentzen Coatings Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004). The Court must view the evidence in the light most favorable to the plaintiff and shall resolve all factual conflicts in the plaintiff's favor. *DigiTel Holdings, Inc.*, 89 F.3d 519, 522 (8th Cir. 1996). Whether a court has personal jurisdiction over a non-resident defendant requires a two-step analysis. *Wines v. Lack Havasu Boat Manufactruing*, 846 F.2d 40, 42 (8th Cir. 1988). First, the applicable state long-arm statute, here Section 506.500, RSMo. 2004, must be satisfied. Second, the court's exercise of jurisdiction must be consistent with the Due Process Clause of the 14th Amendment. *Id*. Missouri construes its long-arm statute to confer jurisdiction to the fullest extent permitted by the Due Process Clause. *State ex rel. Metal Service Center of Georgia, Inc. v. Wiesman*, 627 S.W.2d 874, 876 (Mo. 1982) (en banc); *see Clune v. Alimak AB*, 233 F.3d 538, 541 (8th Cr. 2000) (citing *Wiesman*), *cert. denied sub nom. Industrivarden Serv. AB v. Clune*, 533 U.S. 929 (2001). Thus, the necessary analysis is whether the exercise of personal jurisdiction comports with due process.

Due process allows the court to exercise personal jurisdiction over a non-resident defendant only if doing so is consistent with traditional notions of fair play and substantial justice, *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and if the defendant has sufficient "minimum contacts" with the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980). The contacts with the forum state are sufficient

if the non-resident defendant "should reasonably anticipate being hauled into court there." *Id*. at 297.

The Eighth Circuit has adopted a five-part test for measuring minimum contacts. The factors include: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818-19 (8th Cir. 1994). The court gives significant weight to the first three factors. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073-74 (8th Cir. 2004).

### III. Discussion

Plaintiff argues that there are sufficient minimum contacts to allow this court to exercise personal jurisdiction over defendant Abdias under both theories of personal jurisdiction: specific jurisdiction and general jurisdiction. "Specific jurisdiction can only be found if the controversy 'is related to or arises out of' the defendant's contacts with the forum state." *Johnson v. Woodcock*, 444 F.3d 953, 956 (8th Cir. 2006)(*quoting Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). "General jurisdiction exists where the contacts between the defendant and the forum state are 'continuous and systematic' even if there is no relationship between the contacts and the cause of action." *Id*. (*quoting Helicopteros*, 466 U.S. at 415, 104 S.Ct. 1868).

As this Court understands the facts, either Abdias or its d/b/a entity, ACFFC Transportation Service (ACFFC), it matters not which, has a relationship with Washington Limousine that preexisted the bus crash at issue. According to the uncontroverted deposition testimony, Abdias/ACFFC leased a bus from Washington Limousine for one year, but permitted

the bus to remain with Washington Limousine for reasons unknown. In the interim, Washington Limousine was permitted to rent out this bus to private groups from Missouri and elsewhere, provided that it obtained the consent of Abdias/ACFFC. Circumstantial evidence suggests that there was consent in this instance because Pastor Connors, the pastor at Abdias, ultimately had control of the bus and stated in his deposition that it "was only supposed to be used when I requested it to be used." In addition, the invoice from the bus trip contained the initials "ACCFC" in the top left corner, which—in spite of the spelling—presumably referred to ACFFC Transportation. All that said, however, no facts before this Court even remotely suggest that Abdias/ACFFC sponsored this trip, much less organized it, as plaintiff asserts in the amended complaint.

Despite the circumstantial evidence that Pastor Connors was aware of the bingo trip and authorized it, there exists no evidence that Abdias/ACFFC directly contracted with the Missouri group or received any compensation for their use of the bus. Absent any evidence of these sorts of actions, it is difficult find minimum contacts related to this cause of action that would support specific jurisdiction. As the Missouri long-arm statute details:

> 1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
>
>> (1) The transaction of any business within this state;
>>
>> (2) The making of any contract within this state;
>>
>> (3) The commission of a tortious act within this state;
>>
>> (4) The ownership, use, or possession of any real estate situated in this state;

> (5) The contracting to insure any person, property or risk located within this state at the time of contracting;
>
> (6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

Section 506.500, RSMo. (2003).

With respect to this particular bus rental, there is no evidence that Abdias/ACFFC has transacted business within Missouri, made a contract within Missouri, committed a tortious act within Missouri, or contracted to insure the bus in question while it was located in Missouri. Absent some evidence that Abdias/ACFFC received compensation or directly dealt with the Missouri group, the church's contact with Missouri is far too attenuated to find specific jurisdiction.

All that said, however, the case for personal jurisdiction is compelling with regard to the first two factors for finding minimum contacts, i.e., the nature, quality, and quantity of prior Missouri contacts. Abdias has operated the charter bus company, ACFFC Transportation, for approximately 12 years. Abdias/ACFFC owns multiple buses and has chartered approximately five to eight buses annually into and through Missouri, which comprises between 6-13% of its annual business. All of these factors lend considerable weight to a finding of general jurisdiction, which requires that the contacts between the defendant and Missouri be "continuous and systematic" even if there is no relationship between the contacts and the cause of action. As recounted above, RSMo. sec. 506.500 only requires the transaction of business in Missouri to make a finding of personal jurisdiction.

Despite the distinct lack of contact related to the cause of action, it is plain that Abdias/ACFFC regularly and consistently rented buses to groups in this state over the past few years, and thus availed themselves of the benefits and protections of Missouri. These activities, though perhaps minimal compared to Abdias/ACFFC's more considerable business in Illinois,

have provided it with fair warning that its activities might result in its being haled into court in this jurisdiction. Furthermore, defendant Abdias should not be greatly inconvenienced by having to defend itself in the Eastern District of Missouri, considering that Belleville, Illinois is located in the St. Louis Metropolitan Area. For all of these reasons, personal jurisdiction exists over defendant Abdias in Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Abdias' motion to dismiss (#35) is **DENIED**.

Dated this   1st   day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE