UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

AMERICAN SOUTHERN INSURANCE          )
COMPANY,                             )
                                     )
            Plaintiff,               )
                                     )
    vs.                              )          Case No. 4:09CV1850SNLJ
                                     )
TAMIKA HAYSLETT, et al.,             )
                                     )
            Defendants.              )

## MEMORANDUM AND ORDER

On August 5, 2010, the Court ordered a status conference to be held by telephone on

August 17, 2010.  Defendant Abdias Christian Faith Fellowship Church ("Abdias") filed a

motion to dismiss, #82, on August 16, 2010, for failure to state a claim and for sanctions.  At the

telephone conference on August 17, the Court raised, *sua sponte*, whether it had subject matter

jurisdiction over certain defendants (including Abdias) given the allegations (or the lack thereof)

in the Amended Complaint (#39).  The Court ordered the plaintiff, American Southern Insurance

Company ("ASIC"), to respond to both Abdias's motion to dismiss and the Court's concerns

regarding subject matter jurisdiction, and the Court invited the plaintiff to file another amended

complaint making clear that the Court had subject matter jurisdiction over all of the defendants.

### I.      Background

Plaintiff filed a Complaint for Declaratory Judgment against its insured, defendant

Washington Limousine Service, Inc., and 43 additional persons or entities, including Abdias.

ASIC alleges that defendant Abdias, a church located in Belleville, Illinois, was the organizer

and/or sponsor of a bus carrying Missouri passengers to Alabama for a weekend of bingo.  The

bus, owned and operated by Washington Limousine Service, was involved in an accident in

Kentucky while returning from Alabama on April 5, 2009, and plaintiff's Complaint for declaratory judgment pertains to the legal repercussions stemming from that accident.

## II. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008) (quoting *Twombly*, 550 U.S. at 555-56 & n.3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555 (internal citations omitted).

With respect to the Court's *sua sponte* inquiry, "[f]ederal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. ...  The case or controversy requirement of Article III applies with equal force to actions for declaratory judgment as it does to actions seeking traditional coercive relief."  *Marine Equipment Management Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993) (internal citations omitted).

### III.    Discussion

Plaintiff's Complaint contains no allegations showing that any case or controversy exists as to Abdias, the other insurance companies, or the individual defendants (who were passengers or drivers of vehicles involved in the crash).  In fact, the Complaint does not purport to state a cause of action against Abdias, the other insurance companies, or the individual defendants, and no prayer for relief is made against them.  Instead the factual and legal grounds in the complaint are addressed solely to defendant Washington Limousine.  As a result, during the August 17th conference call, the Court specifically and expressly granted leave to the plaintiff to file another amended complaint, in which it could set out its claims for declaratory judgment against the other defendants.

The plaintiff filed a response to the Court's order on subject matter jurisdiction generally and also responded in opposition to Abdias's motion to dismiss (#87).  Plaintiff also filed a surreply (#91).  However, the plaintiff has still not amended its Complaint — as it was specifically and expressly invited to by this Court — nor has the plaintiff offered any case law to support its apparent contention that it is not necessary for it to allege any causal or legal connection between the defendant individuals, Abdias, and insurance companies on the one hand, and itself on the other hand.  After a close reading of the Amended Complaint (#39) filed

January 10, 2010, the Court is still unable to discern from that pleading why any of the individual defendants, Abdias, or the insurance companies have a stake in this litigation. Plaintiff provides information in its response memoranda about letters written to it by particular individual defendants, but it made no effort to include such information in its pleadings, even after this Court invited it to do so.

Plaintiff relies on the Uniform Declaratory Judgment Act, Section 11, which states that "all persons shall be made parties who have or claim any interest which would be affected by the declaration." But on the face of plaintiff's Complaint, there is no allegation that the defendants have or claim any interest that would be affected by the declaratory judgment sought.

A district court has the authority to dismiss an action for lack of subject matter jurisdiction on the complaint alone. *See Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008). Plaintiff has failed to show in its Amended Complaint how this Court has subject matter jurisdiction over any defendant except for Washington Limousine, so Abdias, the insurance companies, and the individual defendants will be dismissed accordingly.

Finally, defendant Abdias has requested that the Court sanction plaintiff in the amount of Abdias's fees and costs for filing a frivolous claim against Abdias. That request is denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Abdias Christian Faith Fellowship Church's Motion to Dismiss For Failure to State a Claim and Sanctions is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Tamika Hayslett, Barbara Hamilton, Naketa Rose, Geneva Ewing, Dejanill Shearer, Rita F. Grosset, Monica L. Harris, Bertha C. Hines, Inez C. Jones, Emma J. Smith, Melissa M. Sykes, Deborah Williams, Doris Newhouse, Virginia Tidwell,

Darael Fentress, Georgia Lenard, Allen Lenard, Katie Boahen, Mary Jordan, Annie Hall, Linda Cobbs, Lesley Nowlin, Edward Dagner, Mary Norfolk, Virginia Reid, Sharonda Johnson, Carron Nichols, Tijuana Driver, Zetta Moore, Bernice Fortune, Leslie A. Washington, Stephanie Hamilton, Dartallion A. Allen, Abdias Christian Faith Fellowship Church, Progressive Premiere Insurance Company of Illinois, Rickie E. Walker, II, Trustgard Insurance Company, Thomas S. Wilmes, Robert Stoner, William A. Moley, and John Doe Insurance Companies are dismissed with prejudice.

Dated this __14th__ day of October, 2010.

_____

UNITED STATES DISTRICT JUDGE