UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| AMERICAN SOUTHERN INSURANCE COMPANY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:09CV1850SNLJ |
|  | ) |  |
| TAMIKA HAYSLETT, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## AMENDED MEMORANDUM AND ORDER

On October 14, 2010, the Court dismissed all defendants from this litigation for lack of subject matter jurisdiction except for defendant Washington Limousine Services, Inc. (#92). On reconsideration, and on the Court's own motion, the Court amends that order in the following respects:

In reviewing a case for lack of subject matter jurisdiction, the Court, in some circumstances, may consider evidence that is submitted outside the pleadings: "A district court has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *See Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981)).

In its memorandum response to defendant Abdias Christian Faith Fellow Church's motion to dismiss and the Court's *sua sponte* inquiry regarding subject matter jurisdiction, the plaintiff attached letters as exhibits to its memorandum showing that certain of the individual bus passenger defendants had in fact made claims against plaintiff as third-party beneficiaries to

plaintiff's insurance contract with Washington Limousine Services, Inc. (#87, Exhibits 1-7.) In the absence of any objection to those letters or any dispute about their veracity, the Court considers those letters in determining whether it has subject matter jurisdiction. Although for the reasons stated in the Court's initial Memorandum and Order, #92, the complaint itself does not state a cause of action against the particular defendants who submitted written claims, and no relief was sought against them, the complaint, when supplemented by the letter exhibits, does indeed state a cause of action. Therefore, this Court holds that a case or controversy exists as to the bus passengers who made claims under the insurance policy, *i.e.*, defendants Tamika Hayslett, Leslie Nowlin, Stephanie Hamilton, Inez Jones, Deborah Williams, Emma Smith, Virginia Reid, Melissa Sykes, and Sharonda Johnson. The Court thus has subject matter jurisdiction over those defendants.

As to the remaining individual and insurance company defendants, however, none is in privity of contract with the plaintiff, and none has been alleged to have made a claim against plaintiff, so this Court reaffirms its ruling and the reasons therefor. With respect to defendant Abdias Christian Faith Fellow Church in particular, the Court also relies on Abdias's statements in its memoranda expressly disclaiming that it was injured by the circumstances of the bus crash and declaring that it has not made a claim against either the insured or the plaintiff. Again, there being no case or controversy with respect to them, this Court does not have subject matter jurisdiction as to any of those other defendants.

Finally, on October 20, 2010, this Court denied as moot the plaintiff's motion for default judgment as to numerous individual defendants, #95. Because that motion for default judgment pertained to three defendants for whom subject matter jurisdiction exists (Stephanie Hamilton,

Melissa Sykes, and Sharonda Johnson), the motion for default judgment may proceed as to those three defendants, and plaintiff may refile it motion for default judgment.

Accordingly,

**IT IS HEREBY ORDERED** that the Court's October 14, 2010 Order shall be amended.

**IT IS FURTHER ORDERED** that defendant Abdias Christian Faith Fellowship Church's Motion to Dismiss For Failure to State a Claim and Sanctions is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Barbara Hamilton, Naketa Rose, Geneva Ewing, Dejanill Shearer, Rita F. Grossest, Monica L. Harris, Bertha C. Hines, Doris Newhouse, Virginia Tidwell, Darael Fentress, Georgia Lenard, Allen Lenard, Katie Boahen, Mary Jordan, Annie Hall, Linda Cobbs, Edward Dagner, Mary Norfolk, Carron Nichols, Tijuana Driver, Zetta Moore, Bernice Fortune, Leslie A. Washington, Dartallion A. Allen, Abdias Christian Faith Fellowship Church, Progressive Premiere Insurance Company of Illinois, Rickie E. Walker, II, Trustgard Insurance Company, Thomas S. Wilmes, Robert Stoner, William A Moley, and John Doe Insurance Companies are dismissed with prejudice.

**IT IS FURTHER ORDERED** that because subject matter jurisdiction exists as to Tamika Hayslett, Leslie Nowlin, Stephanie Hamilton, Inez Jones, Deborah Williams, Emma Smith, Virginia Reid, Melissa Sykes, and Sharonda Johnson, the case may proceed as to them.

**IT IS FINALLY ORDERED** that plaintiff may refile its motion for default judgment as to defendants Stephanie Hamilton, Melissa Sykes, and Sharonda Johnson.

Dated this 1st day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE