UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN SOUTHERN INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 4:09CV1850SNLJ<br>) |
| TAMIKA HAYSLETT, et al., | )<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This insurance coverage dispute arising out of a bus crash has been the subject of numerous motions regarding the Court's subject matter jurisdiction. Most recently, on November 1, 2010, the Court dismissed all defendants except for Washington Limousine, Inc., and the specific individual defendants who had made written claims under Washington Limo's insurance policy with the plaintiff, American Southern Insurance Company ("ASIC") (#99). Now plaintiff has asked the Court to reconsider that order and also seeks to amend its complaint to add allegations concerning the potential claims that all defendants have as to ASIC (#100, #103). Although the proposed complaint is labeled "First Amended Complaint," this Court will consider it as a Second Amended Complaint, the First Amended Complaint (#39) already having been filed on January 10, 2010.

Plaintiff's new complaint alleges that each defendant has either made a claim against plaintiff or "has potential claims for damages arising out of the accident." Further, the new complaint includes in its prayer for relief for the first time specific requests related to defendants other than Washington Limo. Although plaintiff's position all along has been that the prayer for relief was sufficient under Federal Rule of Civil Procedure 54(c), which states that every

judgment "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings," plaintiff here sought no relief at all against any of the defendants other than Washington Limo. In any event, these new allegations in the Second Amended Complaint and the expanded prayer for relief cure this Court's concerns about the lack of subject matter jurisdiction, and therefore, the Court will grant plaintiff's motion to amend.

However, because the Second Amended Complaint states for the first time a cause of action against the defendants that the Court had previously dismissed, new service of process will be required on them. For that reason, the Court will hold the Motion to Reconsider and its earlier order dismissing those defendants (#99) in abeyance pending service of the new complaint on them. To the extent that new service is perfected on dismissed defendants, the order of dismissal will be vacated as to them, but any defendants who are not served with the Second Amended Complaint shall be dismissed from the case pursuant to the earlier order of dismissal.

This Court also notes that defendant Abdias Christian Faith Fellow Church and its insurer, Progressive Premiere Insurance Company of Illinois, have stated that they should be dismissed from this litigation because neither has made a claim against plaintiff or Washington Limo. Most recently, Abdias and Progressive have pressed that argument in response to plaintiff's motion to amend and motion to reconsider in memoranda filed November 4 and 5, 2010 (#105, #106). However, this Court is now of the opinion that the Second Amended Complaint does indeed state a claim against Abdias and Progressive. But, in the event that Abdias and Progressive make a judicial admission that they do not now nor ever will have a claim under plaintiff's policy with Washington Limo arising from the bus crash at issue in this litigation, then the Court will dismiss Abdias and Progressive from this case for lack of subject matter jurisdiction.

Finally, Progressive previously argued the Court lacked personal jurisdiction over it in a motion to dismiss (#70) that the Court denied as moot in light of its dismissal for lack of subject matter jurisdiction (#95). Therefore, in the absence of a judicial admission from Progressive that it does not now nor ever will have a claim under plaintiff's policy with Washington Limo arising from the bus crash at issue in this litigation, the Court will address forthwith Progressive's earlier-filed Motion to Dismiss for lack of personal jurisdiction (#70).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Amend/Correct filed November 1, 2010 (#103) is GRANTED. The Amended Complaint filed as an exhibit to that motion shall be entered, and plaintiff shall serve the Amended Complaint on all defendants.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Reconsideration filed November 1, 2010 (#100) is held in abeyance pending service of plaintiff's Amended Complaint.

Dated this __23rd__ day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE