UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| AMERICAN SOUTHERN INSURANCE COMPANY, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:09CV1850 SNLJ |
| TAMIKA HAYSLETT, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Progressive Premiere Insurance Company's Amended Rule 12(b)(2) Motion to Dismiss, filed on March 31, 2011 (#121). In an order dated March 24, 2011 (#118), plaintiff was granted 14 days to respond to the Amended Motion, but plaintiff has not responded, and the time for doing so passed more than a month ago.

Plaintiff American Southern Insurance Company ("ASIC") filed a Complaint for Declaratory Judgment against its insured, defendant Washington Limousine Service, Inc., and more than 40 additional persons or entities, including Abdias Christian Faith Fellowship Church ("Abdias") and Progressive. ASIC alleges that defendant Abdias, a church located in Belleville, Illinois, was the organizer and/or sponsor of a bus carrying Missouri passengers to Alabama for a weekend of bingo. The bus, owned and operated by Washington Limousine Service, was involved in an accident in Kentucky while returning from Alabama on April 5, 2009, and plaintiff's Complaint for Declaratory Judgment pertains to the legal repercussions stemming from that accident. Progressive, an Ohio corporation with its principal place of business in Ohio, is Abdias's insurance carrier.

In a diversity action such as this one, the Court "may assume jurisdiction over the nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004). A party seeking to invoke the jurisdiction of a federal court bears the burden to establish that jurisdiction exists. *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008); *Moog World Trade Corp. v. Bancomer, S.A.*, 90 F.3d 1382, 1384 (8th Cir. 1996). To survive a motion to dismiss for lack of personal jurisdiction, the non-moving party need only make a prima facie showing of jurisdiction; that is, the "plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state." *Steinbuch*, 518 F.3d at 585.

The Eight Circuit employs a five-factor test in determining whether personal jurisdiction exists, giving "significant weight" to the first three factors: (1) the nature and quality of defendant's contacts with Missouri; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of Missouri in providing a forum for its residents; and (5) the convenience of the parties. *Romak USA, Inc.*, 384 F.3d at 984 (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004).

Plaintiff made no effort in its complaint — and makes no effort now — to make a prima facie showing of the Court's personal jurisdiction over Progressive. Progressive is an Ohio corporation with its principal place of business in Ohio. Progressive contends that it provides no services, has no employees, owns no real property, and maintains no mailing address, phone number, or other presence in Missouri. Plaintiff likewise alleges no contacts between Progressive and Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Amended Rule 12(b)(2) Motion to Dismiss, filed on March 31, 2011 (#121), is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Progressive is DISMISSED from this litigation.

Dated this  8th  day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE