UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| AMERICAN SOUTHERN | ) |
| INSURANCE COMPANY, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) Case No. 4:09CV1850 SNLJ |
|  | ) |
| TAMIKA HAYSLETT, et al., | ) |
|  | ) |
| Defendants. | ) |

**MEMORANDUM**

This matter is before the Court on plaintiff American Southern Insurance Company's Motion for Summary Judgment (#78). Numerous defendants have been named in this matter, but only defendant Abdias Christian Faith Fellowship Church ("Abdias") has responded (#86). The Court denied without prejudice plaintiff's motion for summary judgment on March 24, 2011 (#118), and plaintiff filed a motion requesting reincorporation of its Motion for Summary Judgment on April 19 (#126). The Court granted that motion (#130) and will now address plaintiff's summary judgment arguments on the merits.

**I.  Background**

Plaintiff American Southern Insurance Company ("ASIC") filed a Complaint for Declaratory Judgment against its insured, defendant Washington Limousine Service, Inc. ("Washington"), and more than 40 additional persons or entities, including Abdias. Washington has not responded to the Complaint. ASIC alleges that defendant Abdias, a church located in Belleville, Illinois, was the organizer and/or sponsor of a bus carrying Missouri passengers to Alabama for a weekend of bingo. The bus, owned and operated by Washington Limousine Service, was involved in an accident in Kentucky while returning from Alabama on April 5,

2009, and plaintiff's Complaint seeks a Declaratory Judgment that plaintiff is not liable to any defendant under its automotive insurance policy with Washington.

As mentioned above, although Washington has been served with the Complaint, it has not responded to the Complaint or otherwise made an appearance in this case. Nonetheless, plaintiff seeks summary judgment against Washington rather than a default judgment.

The undisputed facts are as follows. In early April 2009, Washington contracted with Georgia Lenard to charter a bus trip for Missouri residents to a bingo tournament in Alabama. On April 5, 2009, the bus, driven by defendant Dartallion Allen, was traveling westbound on Interstate 24 in McCracken County, Kentucky when it was involved in a collision with a Chevrolet Silverado driven by defendant Thomas Wilmes. Several bus passengers allegedly suffered injuries as a result of the collision.

ASIC issued commercial automobile liability policy number BA720890 ("Policy") to Washington effective June 22, 2008 through June 22, 2009. The Policy's Business Auto Coverage Form provides coverage for certain covered vehicles and lists the vehicles that are covered. The bus involved in the April 5, 2009 accident was a 1998 Neoplan bus, VIN 1N9HC19A2WLD13058. The Policy's list of covered vehicles does not list the bus as a "covered auto" under the policy. The Policy also sets as a condition of coverage that the insured fully comply with enumerated duties, including that the insured "cooperate with us in our investigation or settlement" of claims or defenses for matters involving the Policy.

Washington was served with plaintiff's original complaint on November 20, 2009. On January 12, 2010, ASIC filed its First Amended Complaint for Declaratory Judgment, which was mailed to Washington. On March 14, 2011, ASIC formally served Washington with its Second Amended Complaint. To date, Washington has not filed any responsive pleading or Answer to

any complaint. On March 15, 2010, ASIC served Washington with its First Request for Admissions. Washington has not served any written responses or objections to said Request for Admissions.

For several months during the spring and summer of 2009, counsel for ASIC attempted to obtain from Washington certain documents and information relevant to the investigation of claims arising out of the accident, and tried to procure from Washington's corporate representative an examination under oath. Washington never responded to any of ASIC's requests for documentation and information.

## II. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *Mt. Pleasant*, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party.

*Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to the discussion.

### III. Discussion

#### A. Summary Judgment Granted Against a Party in Default

ASIC asserts that because it seeks a judgment on the merits against its insured, Washington, it has filed its motion for summary judgment rather than seeking a default judgment against Washington. ASIC also asserts that it was not even required to serve a copy of the summary judgment motion on Washington pursuant to Federal Rule of Civil Procedure 5(a)(2), but that it has done so. Nothing in Federal Rule of Civil Procedure 56 appears to prevent a party from seeking summary judgment against a party in default, and other district courts in this Circuit have done so, even without proof of service of the motion on the party in default. *See Allstate Ins. Co. v. Davis*, No. 5:08-CV-00039-WRW, 2008 WL 2428871, *1 (E.D. Ark. June 12, 2008) (holding that no insurance coverage existed and no duty to defend existed, and thus granting summary judgment against a party in default).

#### B. Insurance Coverage and Duty to Defend

Plaintiff ASIC contends that its Policy with defendant Washington did not cover the bus involved in the April 5, 2009 accident, and that ASIC has no duty to defend Washington because Washington has breached its obligation to cooperate in ASIC's investigation.

No one disputes that the bus was not a "covered auto" under the Policy. The Policy lists the "covered autos," and the bus involved in the accident is not among those listed.

Further, no one disputes that Washington has breached its obligation under the Policy to cooperate with ASIC's investigation. Under Illinois law, which applies to the Policy here, where an insured makes "virtually no effort to produce relevant information and the insurer relies on a

cooperation clause to deny coverage, the insurer is entitled to summary judgment." *Hartshorn v. State Farm Ins. Co.*, 838 N.E.2d 211, 214-215 (Ill. App. Ct. 2005) (citing *Horton v. Allstate Insurance Co.*, 467 N.E.2d 284 (Ill. App. Ct. 1984); *American Country Insurance Co. v. Bruhn*, 682 N.E.2d 366 (Ill. App. Ct. 1997) (when the insured completely fails to communicate with the insurer about an accident, a violation of the cooperation clause is clear)).

As a result, no disputed issue of fact exists for trial on this matter, and plaintiff is entitled to summary judgment.

### C. Costs and Attorney's Fees

At the conclusion of its summary judgment motion, plaintiff states that it is entitled to recover all of its costs and expenses, including attorney's fees, and requests leave to present evidence of the costs and fees it has incurred. This is the subject of defendant Abdias's response memorandum, as it does not contest the motion on the merits, but argues instead that plaintiff cites to no authority that would permit it to recover those costs and fees from Abdias. Further, Abdias points out that plaintiff does not indicate from which of the many defendants it seeks to recover those fees.

Federal Rule of Civil Procedure 54(d)(1) permits the Court to award costs to the prevailing party. Rule 54(d)(2) provides that, no later than 14 days after the entry of judgment, a party may request attorney's fees by motion, and that the motion shall "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." Further, Rule 54(d)(2) states that the motion must "state the amount sought or provide a fair estimate of it." Here, plaintiff has not done so in his summary judgment motion; it may file such a motion separately after judgment has been entered. Plaintiff's motion, if any, shall indicate from whom he seeks any award of costs and/or attorney's fees.

Dated this  8th  day of August, 2011.

									_____
									UNITED STATES DISTRICT JUDGE