UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN SOUTHERN INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    vs.<br><br>TAMIKA HAYSLETT, et al.,<br><br>    Defendants. | Case No. 4:09CV1850 SNLJ |

**MEMORANDUM AND ORDER**

On August 8, 2011, the Court granted summary judgment to plaintiff and instructed plaintiff to file any motion for costs and fees pursuant to Federal Rule of Civil Procedure 54 and to indicate from whom he seeks any award of costs and/or attorney's fees. (*See* #134, 135.)  On August 26, plaintiff filed a Bill of Costs and supporting documentation with the Court, requesting that the Court tax costs of $6,675.32 to defendant Abdias Christian Church (#136). Both defendant Abdias and defendants Rickie E. Walker, II and Trustgard Insurance Company filed responses in opposition (#137, 138).

At the outset, the Court notes (as did plaintiff in its reply, #140) that defendants Walker and Trustgard's opposition is moot, as it opposes that any costs or attorneys fees be taxed to them.  Plaintiff does not request the award of attorneys' fees, and plaintiff's request for costs is not directed at either defendant Walker or Trustgard.

As for defendant Abdias, Abdias argues that the Bill of Costs should be denied because it argues that plaintiff is not a prevailing party as to Abdias.  Indeed, the Court's order and judgment does not specifically mention Abdias or any other defendant by name except defendants Washington Limousine Service, Inc. and Dartallion Allen.

Plaintiff argues that it is entitled to costs from Abdias because, "but for Abdias' obstinance throughout this litigation this matter would have been resolved much sooner and at a significantly reduced cost." Plaintiff contends that costs that it would not have incurred but for Abdias' "obstinance" include Abdias' motion to dismiss for lack of personal jurisdiction, challenges to plaintiff's motion for reconsideration and motion to amend (both of which were recommended to be filed by the Court), other unwarranted challenges to plaintiff's request to file a sur-reply to one of Abdias's motions to dismiss, and two depositions that would not have been taken but for Abdias's continued challenge to the declaratory judgment action.

Plaintiff cites to *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987) to support the statement that a district court may allocate costs based on the equities of a particular case so long as it does not do so arbitrarily. That case held that, pursuant to the Rules and statutes, a prevailing party's recovery of expert witness fees could not exceed the statutory limit of $30 per day. The opinion does not discuss the meaning of "prevailing party," nor does it mention the word "allocate" or "arbitrarily." The Court is therefor unwilling to rely on that case.

Looking to plaintiff's Bill of Costs, the plaintiff seeks to recoup a number of fees that it would have incurred regardless of Abdias' participation in the case: filing fees, service fees for serving summonses and subpoenas, printing fees, and the deposition fees for George Washington (representative of defendant Washington Limousine), who did not appear. Plaintiff lists a number of copy and printing fees, but they are not itemized to show which are for copy/printing costs it would not have incurred but for the "obstinance" of Abdias in this matter.

Ultimately, the only itemized expenses plaintiff points to as being specific expenses that were made necessary only because of Abdias's "obstinance" are the depositions of Georgia Lenard and Eugene Connor. Costs for those depositions amount to $781.00. Plaintiff does not

2

explain why those depositions were taken, however, other than to say that they "would not have been taken but for Abdias' continued obtuse challenges to the declaratory judgment action." Ultimately, although the Court is mindful of Abdias's unwillingness to provide plaintiff with a covenant not to sue despite Abdias's continued insistence that it had not been injured, the Court is unwilling to tax even those costs to Abdias with such a thin justification.   And, of course, the real party that should be responsible for costs is Washington Limousine.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Bill of Costs is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for oral argument (#141) is **DENIED** as moot.

Dated this  1st   day of November, 2011.

_____
UNITED STATES DISTRICT JUDGE